**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSE G. APOLLO SR., <br><br> Plaintiff, <br><br> v. <br><br> CVS PHARMACY; ALI ABDULKAREEM, <br><br> Defendants. | Civil Action No. 17-1775 |

**MEMORANDUM OPINION**

Plaintiff Jose Apollo, Sr., brings this action against CVS Pharmacy ("CVS") and Ali Abdulkareem, a manager at CVS, alleging, *inter alia*, discrimination in violation of 42 U.S.C. § 1981, and a claim of intentional infliction of emotional distress under District of Columbia law. Pending before the Court is defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, defendants' motion to dismiss is **GRANTED**.

**I. Background**

As this case is before the Court on the defendants' motion to dismiss, the Court takes the following facts alleged in Mr. Apollo's complaint to be true and grants Mr. Apollo "the benefit of all inferences that can be derived from the facts alleged."

*See Kowal v. MCI Comm'cns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Mr. Apollo, an Afro-Latino man, walked into CVS in the summer of 2017 to purchase some items and decided that he would avail himself of the restroom. Compl., ECF No. 20 at 3.[1] He had to wait approximately ten minutes because a sanitation worker was ensuring that the restroom was clean. *Id.* The sanitation worker finished his job, apologized to Mr. Apollo for the delay, and Mr. Apollo was able to use the restroom. *Id.* Prior to entering the restroom, however, there was a man watching Mr. Apollo while Mr. Apollo waited for those ten minutes it took to get the restroom in usable condition. *Id.* That man was the store manager, Mr. Abdulkareem.

No more than five minutes after entering the restroom, Mr. Apollo heard loud knocking on the door. *Id.* Someone was "viciously pulling and knocking" on the door and yelling "come on, you have been in there more than 15 minutes already." *Id.* To which Mr. Apollo "calmly replied . . . 'I just got in here, not even a good five minutes.'" *Id.* Unable to use the restroom after this encounter, Mr. Apollo quickly left to determine the identity of "the person that cause[d] him such embarrassment and emotional distress." *Id.* To his surprise, he discovered it was

---

[1] When citing electronic filings throughout this Memorandum Opinion, the Court cites to the ECF header page number, not the original page number of the filed document.

the store manager Mr. Abdulkareem. *Id.*

Mr. Abdulkareem continued to yell at Mr. Apollo once the latter exited the restroom. Mr. Abdulkareem shouted "you have been in there more than [fifteen] minutes[,] this is not a public restroom." *Id.* at 3. Mr. Apollo responded by producing his CVS membership cards to prove that he was a client of the store and by requesting Mr. Abdulkareem provide the name of his supervisor. *Id.* at 4. Mr. Abdulkareem complied. *Id.* Ultimately, Mr. Apollo received a written apology from the district manager of the store. *Id.*

Dissatisfied with just an apology, Mr. Apollo filed this law suit, *pro se*, alleging violations of federal and state law and stating that "he was discriminated when he was denied services, outrageously denied access to the CVS customers restrooms, and basically exited out of the store." *Id.* at 5. He requests five million dollars in damages and a declaratory judgment that CVS and Mr. Abdulkareem violated the law. *Id.* Defendants moved to dismiss the complaint for failure to state a claim. *See* Defs.' Mot., ECF No. 21. Mr. Apollo responded to the motion, ECF No. 22, and the defendants have filed their reply, ECF No. 24. The motion is ripe for adjudication.

**II. Legal Standard**

Defendants move to dismiss the complaint on the ground that the complaint "fail[s] to state a claim upon which relief can be

3

granted." Fed. R. Civ. P. 12(b)(6). A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "[T]he complaint is construed liberally in the plaintiff['s] favor, and [the Court] grant[s the] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged." *Kowal*, 16 F.3d at 1276. However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A complaint survives a motion under Rule 12(b)(6) only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, (2007)). A complaint alleging facts which are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (*citing* Twombly, 550 U.S. at 557, (internal quotation marks omitted)).

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v.*

4

*Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted), but it, too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. District of Columbia Off. of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Although detailed factual allegations are not required at the pleading stage, a complaint must offer more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678 (citations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *id.* (quoting *Twombly*, 550 U.S. at 555), and a complaint which merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" *id.* (quoting *Twombly*, 550 U.S. at 557), is equally unavailing.

**III. Discussion**

Mr. Apollo sues under two theories of liability. His first claim, under federal law, is that the defendants discriminated against him when they allegedly forced him out of the store while he was trying to use the restroom in violation of 42 U.S.C. § 1981. Compl., ECF No. 20 at 5. His second claim, under District of Columbia ("D.C.") law, is that the defendants inflicted extreme emotional distress, pain, and mental anguish when Mr. Abdulkareem allegedly berated him as he attempted to use the bathroom. *Id.* at 4–5. The Court discusses each claim in

5

turn.

**A. Mr. Apollo Fails to State a Claim Under Federal Law**

Mr. Apollo's first claim is for discrimination under 42 U.S.C. § 1981. Section 1981 states in relevant part "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). To state a claim under Section 1981, a plaintiff not only "must initially identify an impaired contractual relationship . . . under which [he or she] has rights," *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476, (2006) (citation and internal quotation marks omitted), but also must allege "some facts that demonstrate that [his or her] race was the reason for the defendant's actions." *Ridley v. VMT Long Term Care Mgmt.*, Inc., 68 F. Supp. 3d 88, 90 (D.D.C. 2014) (citations omitted). A "plaintiff cannot merely invoke [his or her] race in the course of a claim's narrative and automatically be entitled to pursue relief." *Bray v. RHT, Inc.*, 748 F. Supp. 3, 5 (D.D.C. 1990). Rather, the complaint must allege a racially discriminatory purpose for the defendant's misconduct. *Ridley*, 68 F. Supp. 3d at 90.

Mr. Apollo fails to state a claim because he has not alleged any facts that show he was denied the right to enter into or to enforce a contract as required by Section 1981. The parties agree that Section 1981 protects the right to make and

6

enforce contracts free from discrimination. *See* Defs.' Mot., ECF No. 21-1, at 4; Pl.'s Opp'n., ECF No. 22 at 4 (conceding Section 1981 "only applies to the making of contracts"). Here, Mr. Apollo has not alleged a loss of a contractual interest or the ability to form a contract, but rather states he was denied "services and benefits offered to customers and clients of CVS" and "ordinary common privileges and services normally guaranteed to all of CVS Pharmacy customers and clients." Pl.'s Opp'n., ECF No. 22, 11–12, 14. The facts Mr. Apollo alleges in his complaint are that Mr. Abdulkareem shouted at him and knocked on the restroom door when Mr. Apollo was using the facilities. Compl., ECF No. 20 at 3–4. Even accepting these allegations as true, nothing about these facts give rise to a claim that CVS impeded Mr. Apollo from enforcing or making a contract such that there is an inference that the defendants could be liable under Section 1981.[2]

Mr. Apollo's complaint fails to state a claim for a second, independent, reason. Mr. Apollo does not provide any factual

---

[2] In his opposition, Mr. Apollo claims the defendants owed him a fiduciary duty and violated that duty. Pl.'s Opp'n., ECF No. 22 at 11 (stating defendants "outrageously and callously" violated a fiduciary duty). There is no claim for a breach of a fiduciary duty in Mr. Apollo's complaint. But even if there was, the case law is clear that ordinary business transactions do not create a fiduciary duty between a customer and a business. *See, e.g.*, *Magee v. AICPA*, 245 F. Supp. 3d 106, 115 (D.D.C. 2017) (stating a fiduciary relationship exists where there "is a special confidential relationship that transcends an ordinary business transaction.").

allegations that would lead to an inference that the defendants' actions were motivated by his race. Rather he states in passing that Mr. Abdulkareem was "without a doubt conducting some type of racial profiling . . . where the restrooms [were] located." Compl., ECF No. 20 at 3. Nowhere in the complaint does Mr. Apollo allege that Mr. Abdulkareem treated him differently because of his race. Without a factual basis "to support an inference of discrimination by [CVS] based on plaintiff's race, the complaint asserts nothing more than a 'mere possibility of misconduct.'" *Ridley*, 68 F. Supp. 3d at 90 (citing *Iqbal*, 556 U.S. at 679).

Mr. Apollo has failed to identify rights under a contractual relationship he wishes to make or enforce, or "injuries flowing from a racially motivated breach" of that contractual relationship. *Domino's Pizza*, 546 U.S. at 479. Accordingly, Mr. Apollo has failed to state a claim under 42 U.S.C. § 1981.[3]

**B. Mr. Apollo Fails to State a Claim Under D.C. Law**

Mr. Apollo's second claim is for intentional infliction of emotional distress under D.C. law. To maintain a cause of action

---

[3] Mr. Apollo cites the Fourteenth Amendment in his opposition to defendants' motion for summary judgment, but this claim clearly fails because CVS is not a state actor. *See Alridge v. Rite Aid of Wash., D.C., Inc.*, 146 F. Supp. 3d 242, 251 (D.D.C. 2015) (stating the Fourteenth Amendment "only applies to actions taken by state actors, not by private entities").

for intentional infliction of emotional distress, District of Columbia law "requires the plaintiff to show (1) extreme and outrageous conduct by the defendant which (2) intentionally or recklessly (3) cause[d] the plaintiff severe emotional distress." *Ben-Kotel v. Howard Univ.*, 156 F. Supp. 2d 8, 14 (D.D.C. 2001) (citations and quotation marks omitted). "Liability will be imposed only for conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Thompson v. Jasas Corp.*, 212 F. Supp. 2d 21, 27-28 (D.D.C. 2002) (citing *Homan v. Goyal*, 711 A. 2d 812, 818 (D.C. 1998)) (internal quotation marks omitted).

The conduct alleged by Mr. Apollo does not rise to the level of "atrocious, and utterly intolerable in a civilized community." *Id.* Taken in the light most favorable to Mr. Apollo, Mr. Abdulkareem banged and pulled on the restroom door, and shouted at Mr. Apollo when he was inside and outside the restroom. Compl., ECF No. 20 at 3. Mr. Abdulkareem continued to chastise Mr. Apollo for using the restroom for more than fifteen minutes, although Mr. Apollo was allegedly only in the bathroom for no more than five. *Id.* Even if proven, Mr. Abdulkareem's actions do not approach the "extreme and outrageous" conduct required to support an intentional infliction of emotional

9

distress claim. *See Hollis v. Rosa Mexicano DC, LLC,* 582 F. Supp. 2d 22, 23 (D.D.C. 2008) (stating that defendants' alleged conduct in ignoring a black patron, denying her equal service at restaurant and speaking to her in an abrasive and sharp-toned manner was not sufficiently extreme and outrageous to state a claim of intentional infliction of emotional distress). Accordingly, the intentional infliction of emotional distress claim is dismissed for failure to state a claim upon which relief may be granted.

**IV. Conclusion**

For the foregoing reasons, the defendants' motion to dismiss is **GRANTED**. An appropriate Order of dismissal accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:     Emmet G. Sullivan**
**United States District Judge**
**January 9, 2019**